IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

JOSE GAMEZ,

    Plaintiff,

v.                                  Case No.:    2:15-cv-109

INTEGRA CLAIMS, INC., and
STEPHEN HADHAZI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE GAMEZ, by and through his undersigned counsel, hereby sues Defendants, INTEGRA CLAIMS, INC., and STEPHEN HADHAZI (hereinafter referred to as "Defendant"), and in support thereof alleges as follows:

1.    Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.    Plaintiff is an individual residing in Hildago County, Texas.

3.    Defendant, INTEGRA CLAIMS, INC., is a corporation formed and existing under the laws of the State of Texas and maintains offices in Maverick County, Texas.

4.    Defendant, STEPHEN HADHAZI, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, INTEGRA CLAIMS, INC., in relationship to Plaintiff, and others similarly situated;

therefore, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

5. Defendant, STEPHEN HADHAZI, (1) possessed the power to hire and fire the Plaintiff and others similarly situated, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, is a statutory employer under the FLSA.

6. Defendants, INTEGRA CLAIMS, INC., and STEPHEN HADHAZI, operate a public insurance adjusting firm operating throughout the state of Texas and is an employer as defined by 29 U.S.C. § 203(d).

7. Defendants, INTEGRA CLAIMS, INC., and STEPHEN HADHAZI, have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendants, INTEGRA CLAIMS, INC., and STEPHEN HADHAZI, were collectively an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

9. At all times material to this Complaint, Defendants, INTEGRA CLAIMS, INC., and STEPHEN HADHAZI, were the employers of the Plaintiff, and

others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

10. At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff performed work requiring regular and recurring use of goods and materials produced for interstate commerce,, e.g., facsimile, internet and telephone.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b).

13. Venue is proper in this district under 28 U.S.C. § 1391.

14. At all times material to this complaint, Defendants employed two (2) or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. Plaintiff worked for Defendants from March of 2014 through September of 2015, as a "damage assessor."

16. Plaintiff was paid $20.00 per hour for each hour worked and worked

approximately 65-70 hours per workweek. Defendants did not pay Plaintiff the additional half-time premium as required under the FLSA.

17. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages owed pursuant to 29 U.S.C. § 216(b).

18. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

19. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

20. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of wages which was not paid, but should have been paid.

21. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

22. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and

has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, jointly and severally, for the following:

a.  Unpaid overtime wages found to be due and owing;

b.  An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.  Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSE GAMEZ, demands a jury trial on all issues so triable.

Respectfully submitted, September 22, 2015.

**ROSS LAW GROUP**

_____
CHARLES L. SCALISE
Texas Bar No. 24064621
Attorney-in-Charge
DANIEL B. ROSS
Texas Bar No.: 789810
**ROSS LAW GROUP**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**